You all here this morning. We have a few traffic rules that probably everyone knows, but they bear repeating, even if we don't follow them exactly. We do have time limits on argument. If the yellow light comes on, if you have two minutes left, when the red light comes on, we ask you to please conclude your remarks unless you are answering a question from the floor. We have become very familiar with the briefs and record excerpts. We have not necessarily plowed into the records, so we do appreciate citations to the record when those are appropriate. With that, we call the first case of the day, number 22-20397, United States v. Madrid-Paz. We'll hear from Mr. Frizzell. John Frizzell on behalf of Mr. Madrid-Paz. May it please the Court. Our brief here today raises two separate issues, the first being whether the appellate waiver provision bars the issue that Mr. Madrid-Paz raises on appeal, and the second issue is whether, for purposes of applying the categorical approach, the Hobbs Act is a crime of violence under the categorical approach. If not, it wouldn't be a qualifying predicate crime of violence for the use of a firearm in furtherance of crime of violence for purposes of separate convictions. This is the first issue about the appellate waiver provision and the applicability of that to this issue. Guilty plea doesn't waive a defendant's challenge to the court's authority or power to impose a sentence or to convict or impose a sentence, and the issue that is a predicate offense, a crime of violence offense for the 924C count. So if, under that reasoning, if the 924C count would not, Hobbs Act robbery would not be a predicate offense, therefore there would not be authority in a district court to convict or sentence. Therefore the argument raised would not be waived by the guilty plea. The second potential issue is the language of the waiver provision which stated that the appellant wouldn't challenge the underlying conduct or the constitutionality of the underlying offense. The appellant is not challenging the underlying conduct because the purpose of the categorical approach is to not consider the conduct. So his argument is that the conduct is not what's considered. It's the elements of the offense as a matter of law. The second issue there was constitutionality. He's not arguing constitutional issue. He's just arguing that the, if it's not a crime of violence, it can serve as a predicate offense, the court's authority to impose a conviction and sentence. The second issue is whether the Hobbs Act creates, for purposes of applying the categorical approach, whether the Hobbs Act creates separate offenses of conspiracy and attempt to commit the Hobbs Act violation of interference of commerce by robbery or extortion. Can I ask you a question, counsel? Your client pled guilty to two counts of aiding and abetting Hobbs Act and two counts of aiding and abetting violations of 924C1A2. So the crimes at issue here are aiding and abetting, right? Aiding and abetting Hobbs Act. Yes. Not attempt, not conspiracy. It's aiding and abetting a substantive offense. It's aiding and abetting Hobbs Act robbery. Yeah, correct. Now, I was on a panel in a case called Hill earlier this year. Judge Dennis wrote the opinion. Part of that opinion says that aiding and abetting The court has been applying this court's precedent in United States v. Buck. And in that, to find that aiding and abetting Hobbs Act robbery is substantive robbery, therefore it's a crime of violence. And in Buck, the challenge was to the definition of robbery in the Hobbs Act. It wasn't, the court was not asked to address whether or not conspiracy and attempt were a manner or means of violating or committing that robbery as defined. Well, in Hill, we also said that attempted Hobbs Act robbery is not a crime of violence under the elements clause, right? Correct. So, I mean, that's the law of our circuit. So here, we're dealing with aiding and abetting, not attempt. So I guess, why doesn't Hill settle the issue? Oh, well, Hill . . . my memory of reading that case was that the defendant was not arguing the manner and means. He made an argument that attempt wasn't, therefore aiding and abetting shouldn't be either. And that's not our argument. The argument we're presenting is that there are only two elements of Hobbs Act robbery. Interference with commerce through robbery. And that limits, you know, that furthers the federalism concerns of limiting the scope of federal prosecutions and limits the jurisdictional reach of these crimes because the focus of that is the interference with interstate commerce. And the question then becomes if conspiracy and attempt are a manner and means, you don't look at what was actually charged in the indictment because under the categorical approach, the threshold issue is to look at the statute and determine whether or not it defines separate offenses or several manner or means of committing a single offense. So here, it's if the Hobbs Act creates manners and means through conspiracy and attempt to commit the Hobbs Act violation, then we cannot look at the Taylor Shepard documents and determine what he was charged with or what the underlying facts were. And that would even include the plea agreement. It's just as a matter of law, it would be the manner and means is attempt or conspiracy. Those are not crimes of violence because of the, you know, and therefore, Hobbs Act as a matter of law would not be a crime of violence. Well, what's your best authority for that proposition? Well, there's not a case directly on point. But basically, the best cases I have are Mathis which, you know, clarify the application of the modified categorical approach to manner and means versus elements of an offense. And then my other best cases are the line of cases which have said that the essential elements of a Hobbs Act offense are the robbery or, well, robbery or extortion that interferes with commerce. Are you saying that conspiracy is a means? Yes. And not a separate crime? Yes. But as a matter of just black letter law, isn't conspiracy a separate crime from the offense that it is, one is conspiring to do? Well, it depends. Now, a lot of statutes, the common law, yes. But Congress passes a lot of statutes which explicitly create a separate offense for conspiracy to violate that statute. For example, even the gun count here, Section 924, it has a conspiracy provision. 924-0, you know, makes it an offense to conspire to carry or use a firearm in relation to an underlying crime of violence or drug trafficking offense. 21 U.S.C. 861 also creates a separate conspiracy offense for conspiring to violate the Controlled Conspiracy Section. So when Congress intends to create a separate offense, they know how to do that, and they do. And here, they didn't. Why do you say that? Well, if you're reading just the language of the statute, it's listed in the alternative. It says whoever commits robbery or extortion that interferes with interstate commerce or conspires or attempts to do so. And when things are listed in the alternative, those that's under Mathis, it's a good indication of those are alternative means of committing the offense. And the other issue there is also that as the Court indicated in the Mathis opinion, the sentence for any violation of the Hobbs Act is zero to 20 years. If you commit it by a conspiracy, it doesn't change the punishment, which goes to whether it's an element versus a manner or means, because elements oftentimes will change the mandatory minimum or maximum. Thank you. Can I add, I'm sorry to say this, and I'm probably just ignorant here, but there was a motion to dismiss based on the appeal waiver earlier in the case, right? There was a motion to dismiss early on in the case, but prior to the plea. Before the plea? Yes. Okay, but not on, anyway, I think the government is not, purports not to rest on an appeal waiver at this moment, correct? That's my understanding. Okay. I'll ask the government about it. Do you have any other, I'm not trying to repeat Judge Duncan exactly, but in saying that the fact that these are conspiracy and contempt are separated by or within the statute, don't you have to look at the words of the statute and not just the conjunctions? Well, yes, you do, but if they're listed in the alternative, that's indicative of manner and means, and given the precedent by the Supreme Court in Styrone, I believe, which applied the Hobbs Act and stated that the two elements were the robbery or extortion and interstate commerce, obstruction, interstate commerce. And the Supreme Court in Callahan as well, which is cited in my reply brief, addressed the statutory text, and the dissent in that case argued that they were manner and means. The majority opinion in that case was addressing an issue where they did address this issue squarely, because the defendant argued that conspiracy and the substance of offense are separate offense. And the majority said, well, yeah, you can punish separate conspiracy and separate substance of acts cumulatively. Clarify for me exactly which argument you're making. Your briefs, Issue 1 was the waiver, but Issue 2 says Hobbs Act robbery is not a crime of violence under 924C3. So that's what the brief says the argument is. Is that what you're arguing here, or are you arguing aiding and abetting is not a crime of violence or attempt or . . . I just want to be clear, what's the argument put forth? Because the brief says Hobbs Act robbery is not a crime of violence under 924C3, but I hadn't heard you say that. So is that what you're putting through to the panel, or is it the aiding and abetting aspect of it, which or both? Well, in a way, both, because if aiding and abetting, and they are, every offense has an aiding and abetting counterpart to it, which does not need to be charged, and it's not a separate offense. So under that theory as well, the Hobbs Act robbery is not a crime of violence, but even if aiding and abetting a substantive offense were to be found to be a crime of violence, my argument is that the conspiracy is a manner and means, as well as attempt, under the Hobbs Act itself. But the Hobbs Act does include an aiding and abetting theory of culpability or guilt. If we accepted your argument, a Hobbs Act conviction could never be a crime of violence? Yes. Is that correct? Yes. Okay. So any case that we have on our books that says Hobbs Act is a crime of violence would be, what would we do with those? That, I don't know. Okay. We have to follow them. I believe the Supreme Court recently issued a decision about consecutive bits of habeas corpus. So it might apply to things that are still on direct, where the conviction isn't final or initial collateral review, but I don't know if it would reach back. Okay. Thank you, sir. Mr. Smith. Good morning. May it please the Court, Jason Smith for the United States. Starting with the question that you asked Judge Jones, no, the government is not asserting the waiver. Let me ask, just for the sake of argument, I thought a waiver waives all non-jurisdictional challenges to the plea, and it could in fact have waived this claim about the scope of the substantive offense, could it not? Yes, we believe it could have. I think the principle that you were just referring to there refers to just a guilty plea on its own. Here, in addition to the waiver that's implicit in a guilty plea, there was an affirmative waiver of appeal in the plea agreement. Right. That said, I think this case is a poor vehicle for fleshing out the contours of that waiver. Well, I don't think we can raise it to a sponte. I think it's something – I'm just querying why the government didn't stand on the waiver, because the government does in many, many cases. It's mostly a matter of judicial and briefing economy here, not to put too fine a point on it, straightening out all of the arguments that the defense makes about the waiver and the sort of interweaving of standards that apply to the waiver implicit in a guilty plea and a waiver that is affirmative wasn't a good use of resources, given how straightforward the substantive issue is here. And Judge Duncan, we agree with you that Hill controls here. Mr. Madrid-Paz was convicted of, and his 924C convictions are based on an underlying predicate of Hobbs Act robbery under an aiding and abetting theory of liability, and in Hill this court said that is a crime of violence. The indivisibility argument that is at issue in this appeal just can't be squared with this court's jurisprudence on the Hobbs Act or the Supreme Court's jurisprudence on the Hobbs Act. The Hobbs Act is divisible into three distinct robbery-based offenses, substantive Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery, because each of those crimes has distinct elements that the government has to prove beyond a reasonable doubt and that a jury has to agree upon unanimously. And Mathis says the way that you know things are separate crimes is if they have distinct elements on which the jury has to agree unanimously, and here we have that. Is that consistent with Taylor, the United States Supreme Court's decision in Taylor? Absolutely. In Taylor, the Supreme Court contrasted the elements of substantive Hobbs Act robbery with the elements of attempted robbery to come to the conclusion that attempted robbery didn't have an element of the use of force. Yeah, I thought you would say that. I mean, we cited Taylor in Hill, so. Yes, and it's also consistent with this court's opinion in Davis, in which it found that conspiracy to commit Hobbs Act robbery doesn't have as an element the use of force because the elements of conspiracy are just an agreement. But that doesn't say anything about the elements of substantive robbery, and those are a substantive offense, an attempt, and conspiracy have historically in the law been treated as separate offenses that is borne out by jury instructions, is borne out by the cases that have addressed the elements of the Hobbs Act in the context that matters for the divisibility analysis, which is what are the elements upon which the jury has to agree unanimously. There have been some cases where this court or the Supreme Court has referred in passing to there being two elements to a Hobbs Act violation. Those are generally cases that are focusing on the interstate commerce element and often the sufficiency of the evidence in that context, but not looking at it in the context that matters for Mathis and for divisibility analysis, which is what does a jury have to agree upon unanimously. I'd like to make one more point, and then I'm happy to answer any questions that the court has, and otherwise we'll rest on our briefs. Judge Duncan, you had pointed out one of the seemingly absurd results that would come from embracing the position that Madrid-Paz offers here, which is that no Hobbs Act crime would ever be a crime of violence for purposes of 924C. Another result is that a jury could reach a verdict, or it could find a defendant guilty on a non-unanimous theory where some jurors thought that the defendant themselves had actually committed a Hobbs Act robbery, other jurors thought that he had not, but he had attempted, and yet other jurors believed that no one had committed a robbery, but the defendant had agreed with someone else to. And that's just not consistent with this court or any other court's instructions on what has to unanimously be found. The Tenth Circuit addressed this issue in United States v. Eccleston in an unpublished opinion. They very concisely laid out why the Hobbs Act criminalizes three distinct robbery-based offenses, and we would urge this court to adopt that same analysis, which is consistent with its prior jurisprudence and that of the Supreme Court. If the court doesn't have any other questions, we'll rest on our briefs and ask that this court affirm. Thank you. All right. Thank you. This court's opinion in the Hill case held that substantive Hobbs Act robbery was a crime of violence, and aiding and abetting substantive Hobbs Act was therefore a crime of violence. But the defendant in that case, my recollection of that case, was that the defendant was not arguing that aiding and abetting was a manner and means of committing the offense, only that Hobbs Act robbery, aiding and abetting, wasn't a crime of violence. But I don't believe that the defendant in that case raised the issue as a manner and means argument. But regardless, if aiding and abetting were, like a substantive Hobbs Act robbery, a crime of violence, the argument is that the statute in the Texas statute lays out the core offense here is the interference with commerce through robbery or extortion. The other conspiracy and the attempt are a manner and means, and the Supreme Court's dissent in Callahan, which addressed that issue most directly, the Tenth Circuit opinion, the opposing counsel's side, had said that no reasonable jurist could find conspiracy and attempt to be a manner or means, but three justices of the Supreme Court said, no, exactly, that is what they are. Attempt and conspiracy are a manner and means. And the dissent said, well, we don't read the majority opinion to be saying otherwise, because what was raised in that case wasn't the question of manner or means. It was just, are these separate offenses for purposes? Both sides brought the case to the court under the agreement that they were separate offenses. Could cumulative punishments be applied? And so, absent any other questions? Yes, sir. And you are court appointed, and we appreciate the time that you've had to take to come over to New Orleans to argue the case. Thank you, Your Honor. All right. Thanks very much. Next case.